BLACKBURN ET AL., APPELLEES, *v.* HAMOUDI ET AL., APPELLEES; GRANGE MUTUAL CASUALTY COMPANY, APPELLANT.

(No. 85AP-891 — Decided
April 22, 1986.)

*Murphey, Young & Smith, Fred J. Shoemaker* and *Glenn W. Myers,* for plaintiffs-appellees.

*Lane, Alton & Horst, Jack R. Alton* and *John M. Alton; Knepper, White, Arter & Hadden* and *Louis E. Gerber,* for defendant-appellee Ala B. Hamoudi.

*Denmead, Gerrity & Tsitouris* and *Timothy D. Gerrity,* for defendant-appellee Susan Mary Birhanzl.

*Sheppard & Bale, Alan Wayne Sheppard, David G. Bale* and *Joseph A. Ricci,* for intervenor-appellant Grange Mutual Casualty Co.

MOYER, P.J. This matter is before us on the appeal of intervenor-appellant, Grange Mutual Casualty Company ("Grange"), from a judgment of the Franklin County Court of Common Pleas overruling Grange's motion to intervene in an action between plaintiffs-appellees, Buford Ann and Dike Blackburn ("the Blackburns"), and defendants-appellees, Ala B. Hamoudi and Susan Mary Birhanzl.

The Blackburns filed suit on March 15, 1984 against Hamoudi and Birhanzl to recover for injuries and damages resulting from an automobile accident involving Buford Ann Blackburn as a pedestrian.

The record indicates that, at the time of the accident, the Blackburns were insured by a Grange policy that had uninsured/underinsured motorists insurance coverage with $100,000/$300,000 policy limits; that Hamoudi had insurance coverage with $100,000/$300,000 policy limits for bodily injury;

and that Birhanzl had insurance coverage with $50,000/$100,000 policy limits for bodily injury.

Due to the severity of Blackburn's injuries and the level of Birhanzl's insurance coverage, a release and discharge agreement was entered into between the Blackburns, Birhanzl and Grange. Grange paid the Blackburns $175,000 to satisfy its obligations under its uninsured/underinsured motorists coverage and expenses for medical services coverage of the Blackburns. Grange further released its rights of subrogation against Birhanzl. In return, the Blackburns released Grange from further liability under its uninsured/underinsured policy.

Eight weeks after the settlement and three weeks before trial, on September 19, 1985, Grange sought to intervene as a plaintiff in the case, claiming subrogation rights against Hamoudi for the $175,000 paid to the Blackburns. The motion to intervene was overruled on the ground that it was not timely filed.

The case went to trial, and judgment was entered in favor of the Blackburns.

The trial court found Hamoudi and Birhanzl to be joint tortfeasors, fifteen percent and eighty-five percent negligent, respectively. Buford Ann and Dike Blackburn recovered $100,000 and $21,500, respectively, from Hamoudi, and $566,666 and $121,833, respectively, from Birhanzl. The record indicates that the judgments were satisfied October 17, 1985.

Grange appeals from the denial of its motion to intervene with one assignment of error:

"Where Grange Mutual Casualty Company (Grange) paid underinsured motorist monies to its insureds, [the] Blackburns, because of the liability of a joint tortfeasor who was underinsured it was error by the trial court to deny Grange the right to intervene for subrogation in the Blackburns' action against

352

another joint tortfeasor whose liability arises out of the same facts and who jointly caused the same injury for which Grange made its payment."

The Blackburns argue as a threshold issue that the denial of a motion to intervene is not a final appealable order. We find the judgment to be an appealable order upon the authority of *Likover* v. *Cleveland* (1978), 60 Ohio App. 2d 154, 155 [14 O.O.3d 125]. See, also, 7C Wright, Miller & Kane, Federal Practice & Procedure (1986), Appellate Review, Section 1923.

The case is not moot by virtue of Grange having brought a declaratory judgment action in the court of common pleas subsequent to the present action. Grange cannot recover the claimed funds from Hamoudi in the declaratory judgment action.

The issue for decision is whether the trial court abused its discretion when it overruled Grange's motion to intervene as of right under Civ. R. 24(A)(2). The timeliness of the filing of a motion to intervene is a matter within the sound discretion of the trial judge, and the trial court's decision will be reversed only upon a showing of an abuse of that discretion. *Likover* v. *Cleveland, supra,* at 158.

Civ. R. 24(A)(2) sets forth the relevant requirements for intervention of right:

"(A) Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Thus, the application must be timely and the applicant must show three conditions exist:

"* * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest." (Footnote omitted.) McCormac, Ohio Civil Rules Practice (1970) 80-81, Section 4.36.

While no Ohio statute confers an unconditional right to intervene, most courts have construed the rule liberally. McCormac, Ohio Civil Rules Practice, *supra,* at 81.

At the oral hearing on the motion, the trial court overruled Grange's motion for leave to intervene. The trial judge explained:

"The court feels that this case has been pending since April of 1984 — or March, I guess, of 1984, and that an answer was filed in April of 1984. And while the settlement was not made until July [1985], there was plenty of time to intervene prior to the date that was set up [for a hearing on the merits October 10, 1985]. [Civil] Rule 24(A), the first words of that are: 'upon timely application.' I don't feel the application has been timely, and there are other issues, two that have been raised here by those who are opposing the motion to intervene but have substance, also. And for those reasons, the court will overrule your motion."

The record does not show further the basis for the trial court's ruling on the motion.

Several factors must be considered by a trial court in determining the timeliness of a motion to intervene:

"* * * In general, the basis of the alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original parties. Intervention as of right [Civ. R. 24(A)] may be granted at a time in the proceedings when permissive intervention [Civ. R. 24(B)] would not. That is, in cases of permissive intervention, greater consideration may be given to

undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted. * * *" *Likover* v. *Cleveland, supra,* at 158-159.

The trial judge's remarks indicate he felt that the effects of delay on the existing parties from Grange's motion for intervention outweighed possible prejudice to Grange's claimed rights. We disagree.

While Grange could have earlier sought permissive intervention in the case under Civ. R. 24(B)(2), it was not until the settlement agreement was reached with the Blackburns that intervention of right could be sought. Only after the settlement agreement was reached did the claimed right of subrogation arise.[1] Moreover, Grange's subrogation claim is founded in part upon *James* v. *Michigan Mut. Ins. Co.* (1985), 18 Ohio St. 3d 386, decided August 7, 1985. The Blackburns argue that only after the *James* case was decided did Grange feel it had a claim. If so, the delayed motion to intervene was due to a newly discovered right, not due to laches.

Grange's motion for intervention satisfied the three requirements of Civ. R. 24(A)(2). First, Grange claimed an interest relating to the transaction which was the subject of the action, to wit: subrogation of the Blackburns' interest in any recovery against Hamoudi up to $175,000. Second, Grange was situated, under the terms of the settlement, so that the disposition of the lawsuit may as a practical matter impede its ability to protect the claimed subrogation rights. Assuming the right to subrogation exists, Grange would have advocated that Hamoudi's liability should exceed his in-surance limits; whereas, Grange argues, the Blackburns did not seek a recovery beyond Hamoudi's insurance limits. Grange's claimed interest would be impeded as a practical matter once the relative negligence of the joint tort-feasors is determined, as the amounts of recovery are fixed. We further observe that the record does not affirmatively show whether the judgment entry below was an agreed entry of judgment. If the judgment entry reflects a settlement, Grange's claimed rights to amounts in excess of Hamoudi's insurance limits were clearly impeded by a judgment entry limiting Hamoudi's liability to his insurance limits. Finally, the existing parties plaintiff, the Blackburns, were not representing Grange's claimed rights. Undoubtedly, the Blackburns adequately represented, as plaintiffs, their claim of Hamoudi's liability as a joint tort-feasor, but certainly were opposed to Grange's claim that it was subrogated and entitled to the first $175,000 of the recovery against Hamoudi. Further, Grange's interest in finding Hamoudi liable for an amount in excess of his insurance limits may not have been adequately represented.

Had the motion for intervention been granted, it appears that final disposition of the substantial liabilities arising out of this action would have been further delayed to the detriment of the Blackburns. However, in light of the general policy promoting settlements, and the liberal contruction to be given Civ. R. 24(A), we find the trial court's decision overruling Grange's motion to be unreasonable and an abuse of discretion. We, of course, express no opinion as to the merits of Grange's claimed right of subrogation.

We note that the important issues for decision on remand regarding the claims presented by Grange are: the scope and intent of the settlement

---

[1] The precise issue of subrogation under the specific terms of the settlement agreement, *i.e.,* payment and releases, could not have been anticipated.

354

agreement, *i.e.,* whether the payment by Grange under the uninsured/underinsured policy provisions was in satisfaction of Birhanzl's liability only or the potential underinsured liability of both Birhanzl and Hamoudi; and whether Grange's uninsured/underinsured insurance policy provisions fall within the interpretation of policies in *James* v. *Michigan Mut. Ins. Co., supra,* or in *Gomolka* v. *State Auto. Mut. Ins. Co.* (1984), 15 Ohio St. 3d 27.

Upon the record and posture of the case before us, we cannot reach those issues which are dispositive of Grange's claims.[2] Civ. R. 24(A) requires that the applicant claim an interest relating to the property or transaction which is the subject of the action. While the claim may be shown to be without merit, see *Atlantis Development Corp., Ltd.* v. *United States* (C.A.5, 1967), 379 F. 2d 818, at 827, it is not required that the interest be proven or conclusively determined before the motion is granted. Grange is entitled to its day in court on its claim and we refuse to decide the issues presented in the first instance.

A motion to intervene as of right, even when arising shortly before trial due to a settlement agreement, should be given consideration consistent with a liberal construction of Civ. R. 24(A).

Accordingly, the assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.

---

[2] The trial court had before it persuasive evidence consistent with plaintiffs' position upon these two issues, but made no findings other than untimeliness which would show the motion for intervention was deficient.