OPINION
Defendant-appellant Travelers Insurance Company appeals from the February 27, 2002, Judgment Entry of the Ashland County Court of Common Pleas denying its Motion to Intervene.
 STATEMENT OF THE FACTS AND CASE
On or about September 2, 1999, the truck that Frederic Luhring was operating struck a cow that was in the middle of State Route 179. After hitting the cow, Mr. Luhring's truck rolled over and came to rest in the middle of the southbound lane of State Route 179. Shortly thereafter, a vehicle operated by Jayme Henderson veered to avoid striking Luhring's vehicle and the cow, went off the side of the roadway and overturned. Mr. Henderson, who was ejected from his vehicle, was killed in the accident.
On September 21, 2001, appellee Mary Ellen Henderson, the Administratrix of the Estate of Jayme Henderson, filed a complaint against Mr. Luhring, the owners of the cow, and Progressive Insurance Company, which had issued an automobile insurance policy to Mary Ellen Henderson. In addition, XYZ Insurance Company was named as a defendant in the complaint. The complaint indicated that XYZ Insurance Company had issued a commercial automobile/business automobile coverage policy to Jayme Henderson's employer and that Mary Ellen Henderson, as Administratrix, was seeking underinsured/uninsured motorist coverage under such policy. Pursuant to a stipulated Journal Entry filed on November 16, 2001, the complaint was amended to substitute Travelers Insurance Company for XYZ Insurance Company as a party defendant. Travelers Insurance Company had filed an answer on November 15, 2001, the previous day.
Subsequently, appellee, on February 11, 2002, filed a Motion for Default Judgment "on the issue of liability" against Frederic Luhring, who had failed to plead or otherwise defend. Appellant Travelers Insurance Company, on February 20, 2002, filed a Motion to Intervene pursuant to Civ.R. 24(A), seeking to intervene to contest the liability of Frederic Luhring, the alleged tortfeasor. Appellant Travelers, in its motion, noted that it had issued insurance policies to Jayme Henderson's employer and was a "potential Scott-Pontzer carrier in this matter." As memorialized in a Judgment Entry filed on February 27, 2002, the trial court denied such motion stating, in part, as follows:
 "On November 15, 2001, this Defendant (Travelers) filed its Answer herein. On February 11, 2002, the Plaintiff filed its Motion for Default Judgment against Defendant Luhring, for failure to appear. The Court granted that judgment on February 12, 2002, expressly reserving the issue of damages against Defendant Luhring, to be tried with all other issues in this action on June 25, 2002.
 "The movant has had since November 15, 2001, to address this issue, and has not done so in a timely fashion. Further, the issue of damages has been preserved and the movant will have the opportunity to be heard on that issue."
It is from the trial court's February 27, 2002, Judgment Entry that appellant Travelers Insurance Company now appeals, raising the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED "TRAVELERS' MOTION TO INTERVENE WHICH HAD BEEN TIMELY FILED PURSUANT TO RULE 24 OF THE OHIO RULES OF CIVIL PROCEDURE."
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant Travelers Insurance Company, in its sole assignment of error, argues that the trial court erred in denying its Motion to Intervene pursuant to Civ.R. 24(A). We disagree.
As an initial matter, we find the trial court's entry, denying the motion to intervene, is a final appealable order. See, Myers v. Basobas
(1998), 129 Ohio App.3d 692, 718 N.E.2d 1001; Fairview Gen. Hosp. v.Fletcher (1990), 69 Ohio App.3d 827, 830, 591 N.E.2d 1312; Blackburn v.Hamoudi (1986), 29 Ohio App.3d 350, 505 N.E.2d 1010, syllabus andSabbato v. Hardy (July 23, 2001), Stark Case No. 2001CA00045.
Civ.R. 24 states as follows:
(A) Intervention of right
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Pursuant to Civ.R. 24(A), the following elements must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. Fairview Gen. Hosp. v.Fletcher, supra at 831. Further, the right to intervene must be liberally construed. Blackburn v. Hamoudi, supra, at 353. In reviewing the trial court's denial of Erie's motion to intervene, we apply an abuse of discretion standard. Jamestown Village Condominium Owners Assn. v.Market Media Research, Inc. (1994), 96 Ohio App.3d 678, 694,645 N.E.2d 1265. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
As noted by the court in Sutherland v. ITT Residential Capital Corp
(1997), 122 Ohio App.3d 526, 537, 702 N.E.2d 436, pursuant to Civ.R. 24(A), a nonparty to an action who "claims an interest relating to the property or transaction which is the subject of the action and [who] is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest" may file a motion to intervene. In the case sub judice, appellant Travelers Insurance Company, at the time it filed its motion to intervene, was not a nonparty, but rather was a party defendant which had filed an answer. As an existing party itself, appellant Travelers could not demonstrate that its interest was "not adequately represented by the existing parties." Furthermore, as noted by the trial court in its February 27, 2002, Judgment Entry, while the tortfeasor's liability was established, the "issue of damages has been preserved and the movant [Travelers] will have the opportunity to be heard on that issue."
For the foregoing reasons, we find that the trial court did not abuse its discretion in denying appellant Traveler Insurance Company's Motion to Intervene. The trial court's judgment was not arbitrary, unconscionable or unreasonable.
Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs to appellants.