JOURNAL ENTRY AND OPINION
{¶ 1} Proposed intervenors, Westfield Insurance Company and Fidelity Guaranty Insurance Company, appeal[1] from the judgment of the Common Pleas Court denying their respective motions to intervene. For the reasons that follow, we reverse and remand.
 {¶ 2} The record before us shows that on August 9, 2001, plaintiff-appellee Crittenden Court Apartment Associates commenced this action for breach of contract, breach of warranty and negligence regarding the construction of a housing facility in Cleveland, Ohio. Crittenden Court alleged that the project was not completed in a manner consistent with either the plans and specifications or governmental codes and regulations, and as result thereof, there was water infiltration causing interior and exterior damage to the facility. Crittenden Court sought to recover losses, expenses and costs incurred in repairing and replacing the damaged areas, as well as lost rental income for the period of time certain apartment units were uninhabitable while the repairs were being completed. Said relief was sought by Crittenden Court against Jacobson/Reliance, who was responsible for the design, construction and administrative services for the project; Hach Ebersol, the structural engineers for the project; and Richard L. Bowen and Associates, the project's architects.
 {¶ 3} On February 6, 2003, Jacobson/Reliance was granted leave to file a third-party complaint, which alleged that its subcontractors were responsible for the breach of contract, breach of warranty, and negligence claims of Crittenden Court, and which sought indemnification and contribution. Among the subcontractors named in that third-party complaint were LMR Construction Company, Inc.
 {¶ 4} On February 28, 2003, Jacobson/Reliance was notified that service of its third-party complaint on LMR had failed. On March 26, 2004, Jacobson/Reliance renewed its instructions for service of its third-party complaint on LMR. On April 8, 2004, service of the third-party complaint was perfected on LMR. LMR subsequently filed its answer to the third-party complaint on May 11, 2004. On May 15, 2004, Bowen and Associates filed cross-claims against LMR for indemnity and contribution.
 {¶ 5} On September 1, 2004, LMR's general liability insurer, defendant-appellant Westfield Insurance Company, filed a motion to intervene pursuant to Civ.R. 24(A) and Civ.R. 24(B) with an attached intervening complaint. In that motion and complaint, Westfield sought to intervene "for the limited purpose of participating in the preparation and submission to the jury of written interrogatories * * *."
 {¶ 6} On September 13, 2004, Jacobson/Reliance's general liability insurer, defendant-appellant Fidelity Guaranty Insurance Company, filed a motion to intervene pursuant to Civ.R. 24(A) and Civ.R. 24(B). In its motion, Fidelity requested to intervene "for the purpose of actively participating in discovery regarding damages issues, and to attend and actively participate at trial with respect to trial of the damages issues." No proposed intervening complaint was attached by Fidelity, and the failure to do so was addressed by Fidelity in its motion as follows: "Because Fidelity and Guaranty has no separate and independent claims to assert in this litigation, it is neither necessary nor appropriate that it submit a pleading in conjunction with this motion as described in Ohio Civil Rule 24(C)."
 {¶ 7} On October 1, 2004, the trial court denied both Westfield and Fidelity's motions to intervene for the reason that the motions were "not timely as trial has been set in this matter for 10/24/04 and [the motions were] filed approximately 30 days before trial when [the] original complaint was filed 8/9/01 and has been pending for over three years." It is from that judgment that Westfield and Fidelity now appeal, contending that the trial court erred in denying their motions. In their joint brief, Westfield and Fidelity raise two assignments of error, challenging the denial of their respective motions. We will consider those two assignments of error in a consolidated fashion.
 {¶ 8} An appellate court reviews a trial court's decision on a motion to intervene for an abuse of discretion. State ex rel. First New ShilohBaptist Church v. Meagher (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058. See, also, Young v. Equitec Real Estate Investors Fund (1995),100 Ohio App.3d 136, 138, 652 N.E.2d 234; Widder Widder v.Kutnick (1996), 113 Ohio App.3d 616, 624, 681 N.E.2d 977. "An abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 9} Intervention, whether permissive or as a matter of right, is specifically provided for in the Rules of Civil Procedure. Civ.R. 24 delineates the requirements an intervenor must satisfy to prevail on such a motion.
 {¶ 10} Civ.R. 24(A) pertains to intervention of right and provides:"Upon timely application anyone shall be permitted to intervene in an action: "* * * 2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties."
 {¶ 11} Civ.R. 24(B) outlines the requirements for permissive intervention and states: "Upon timely application anyone may be permitted to intervene in an action: "* * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 12} Civ.R. 24(C) governs the procedure for a motion to intervene and provides as follows: "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."
 {¶ 13} In this case, Crittenden Court does not contest Westfield and Fidelity's motions to intervene on the grounds that they do not have an interest relating to the subject of the action, that the disposition of the action in their absence would not impair their ability to protect their interests, or that their interests were adequately represented by existing parties. Rather, Crittenden Court contests the timeliness of Westfield and Fidelity's motions. Similarly, the trial court's denial of the motions, as already mentioned, was based upon their untimeliness. In addition to the timeliness issue, Crittenden Court also contends that Fidelity's motion to intervene was not in compliance with Civ.R. 24(C) because of the failure to attach an intervening complaint. For the reasons that follow, we disagree.
 {¶ 14} First, in regard to the procedural issue of Fidelity's failure to attach an intervening complaint to its motion, we do not find that circumstance to be fatal to Fidelity's motion to intervene. Indeed, the trial court did not base its denial of Fidelity's motion on the lack of an attached complaint. Further, the purpose for which Fidelity sought to intervene was clearly set forth in its motion and did not include the addition of any new liability or damages issues to the litigation. Finding Crittenden Court's argument regarding Fidelity's failure to attach a complaint to its motion unpersuasive, we next address the crux of this appeal: the timeliness of Westfield and Fidelity's motions to intervene.
 {¶ 15} "The concept of timeliness has two aspects: timeliness with regard to the statute of limitations and timeliness in the context of the trial proceedings." Widder Widder v. Kutnick, supra,113 Ohio App.3d at 624. See, also, Likover v. Cleveland (1978),60 Ohio App.2d 154, 157, 396 N.E.2d 491. The case at bar does not present any question concerning the statute of limitations and involves only the question of whether the timing of Westfield and Fidelity's motions interfered with the trial proceedings.
 {¶ 16} The Supreme Court of Ohio specified the relevant factors for this second aspect of timeliness in State ex rel. First New ShilohBaptist Church v. Meagher, supra, 82 Ohio St.3d at 503: "Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. The following factors are considered in determining timeliness: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor'S failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." (citations and punctuation omitted).
 {¶ 17} As to the first factor, the point to which the suit had progressed, Westfield and Fidelity filed their motions to intervene approximately 30 days before the case was scheduled for trial. While this fact does not favor Westfield and Fidelity, it must also be noted that intervention as of right under Civ.R. 24(A) may be granted at a time in the proceedings when permissive intervention under Civ.R. 24(B) would not. As this court said in Likover v. Cleveland, supra,60 Ohio App.2d at 159: "In cases of permissive intervention, greater consideration may be given to undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted."
 {¶ 18} Thus, in Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350,354, 505 N.E.2d 1010, the court held that an insurer's application to intervene in a tort action filed three weeks before trial was not untimely, stating: "A motion to intervene as of right, even when arising shortly before trial due to a settlement agreement, should be given consideration consistent with a liberal construction of Civ.R. 24(A)." In that case, the insurer's particular need to intervene to protect its right of subrogation arose during the course of the pending litigation. Because the disposition of that litigation would impair or impede the insurer's ability to protect its interest and no other party could adequately represent the insurer's particular interest, the court held the insurer was entitled to intervene even though trial was scheduled to begin in three weeks.
 {¶ 19} Similarly, Westfield and Fidelity's motions to intervene as of right filed shortly before trial must still be fairly considered in light of the contentions that the disposition of this action without their participation would impair or impede their ability to protect their interests, and that no other party adequately represented their interests. As to the second factor, the purpose for which intervention was sought, as previously noted, Westfield indicated in its motion to intervene that its request was "for the limited purpose of participating in the preparation and submission to the jury of written interrogatories * * *." Crittenden Court emphasizes, however, that because Westfield's intervention complaint additionally reserved the right to seek a declaratory judgment with respect to the applicable limit of liability, Westfield's purpose was not in fact so limited. We disagree and find that reserving the ability to request appropriate declaratory relief after the trial was over was not inconsistent with the limited scope of intervention sought by Westfield.
 {¶ 20} As the second factor relates to Fidelity, as already stated, its motion indicated that its request to intervene was "for the purpose of actively participating in discovery regarding damage issues, and to attend and actively participate at trial with respect to the trial of the damages issues." We note that while appellants' joint reply brief indicates that Fidelity's request regarding participation in discovery was limited to "remaining discovery," that limited request was not specified in Fidelity's motion to intervene filed with the trial court. Nonetheless, the trial court could have appropriately imposed such a limitation upon Fidelity so as to permit Fidelity to protect its interests while not delaying the proceedings. Further, allowing Fidelity's participation at trial relative to damages would not delay the adjudication of this case or unfairly prejudice Crittenden Court or any other party.
 {¶ 21} Concerning the third factor, the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case, Crittenden Court contends that Fidelity knew or should have known of its interest as early as August 9, 2001 when the original complaint was filed. Even assuming that Fidelity knew or should have known from Crittenden Court's original complaint of its interest in this case, courts must still give liberal consideration to requests to intervene as of right. See, e.g., Blackburn v. Hamoudi,
supra.
 {¶ 22} As the third factor relates to Westfield, Crittenden Court argues that Westfield knew or should of known of its interest in the litigation in April 2004, when it was served with Jacobson/Reliance's third-party complaint, which incorporated by reference Crittenden Court's second amended complaint, and certainly by May 2004, when Bowen and Associates filed its cross-claim against it. Even assuming that Westfield knew or should have known of its interest in this case at that point, again, courts must still give liberal consideration to requests to intervene as of right.
 {¶ 23} With regard to any prejudice the parties would sustain if intervention were allowed, the fourth factor, we note that no formal objection to either Fidelity or Westfield's motions to intervene was made by Crittenden Court at the trial court level.[2] Further, we find Crittenden Court's arguments that it would be prejudiced by Westfield and Fidelity's intervention unpersuasive. In particular, Crittenden Court argues that both Westfield and Fidelity sought intervention for more than a limited purpose. As already discussed, however, we find that both Westfield and Fidelity's requests to intervene were for appropriate, limited purposes. Further, Crittenden Court's argument that it would have been prejudiced by allowing new-party defendants into an already complex case is unpersuasive. While appellants' involvement might cause the parties to adjust their trial strategy, there is no reason to think that this matter could not have proceeded to trial as scheduled with appellants' limited participation. In fact, the trial court could have expressly limited Westfield and Fidelity's intervention to submission of jury interrogatories and conditioned their intervention upon no further continuances.
 {¶ 24} The final factor to be considered, the circumstances of the case, militate in favor of Westfield and Fidelity's limited intervention. The extent of Westfield and Fidelity's financial exposure, if any, would depend on the legal basis upon which Crittenden Court obtained a verdict against Jacobson/Reliance and Bowen and Associates. Further, only Westfield and Fidelity have an interest in identifying the basis for a verdict in Crittenden Court's favor, because that would determine the extent of their duty to indemnify. Moreover, even if Westfield and Fidelity filed a separate declaratory judgment action, that would be ineffective because the legal basis for a verdict in favor of Crittenden Court could be determined only by jury interrogatories submitted in this case, and only Westfield and Fidelity had the interest to obtain that determination.
 {¶ 25} In fact, issues determined in one proceeding at times may be given preclusive effect in a later proceeding. See Grange Mut. Cas. Co.v. Uhrin (1990), 49 Ohio St.3d 162, 550 N.E.2d 950; Howell v. Richardson
(1989), 45 Ohio St.3d 365, 544 N.E.2d 878. Permitting narrow intervention in the instant case, by contrast, was the only practical means to allow all legal claims to be decided efficiently and consistently in one proceeding.
 {¶ 26} Under analogous circumstances, the court in Peterman v.Pataskala (1997), 122 Ohio App.3d 758, 702 N.E.2d 965, found intervention appropriate "due to the fact that appellants have no other method, available to them, to protect their interests. Such circumstances favor intervention." Id. at 763. While intervention should not be allowed on mere demand, it is appropriate where it has been demonstrated that a particularized need to intervene as of right under Civ.R. 24(A) exists, that intervention would not cause any delay or disruption of the existing trial proceedings, that the intervening party's participation at trial would be limited, and that no apparent prejudice would result from granting such limited intervention. On balance, we find the circumstances justifying Westfield and Fidelity's limited intervention far outweigh any circumstance that could justify excluding them from these proceedings. Accordingly, appellants' first and second assignments of error are sustained.
 {¶ 27} Reversed and remanded with orders to permit the requested intervention in this matter.
Celebrezze, Jr., P.J., and Cooney, J., concur.
[1] Upon motion of Fidelity and Westfield, their appeals have been consolidated.
[2] On September 24, 2004, Crittenden Court, along with the other parties to the action, filed a joint stipulation for stay of proceeding pending mediation. In that stipulation, the parties agreed that the responses to various motions, including the subject motions to intervene, would be stayed and held in abeyance as of September 15, 2004 through November 1, 2004, at which time responses, if any, were required to be filed. Although the trial court ruled on the motions to intervene on October 1, 2004, before the stay expired, there nonetheless is nothing in the record before this court indicating that Crittenden Court opposed the intervention.