JOURNAL ENTRY AND OPINION
{¶ 1} Non-party appellant, JP Morgan Chase Bank ("JP Morgan"), appeals the decision of the Cuyahoga County Common Pleas Court that denied its motion for leave to file an answer to the complaint. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reflects that McKesson Medical-Surgical Minnesota, Inc. ("McKesson") filed a complaint for foreclosure against Medico Medical Equipment and Supplies, Inc., dba Medico, Inc. ("Medico") on February 2, 2004, after it had obtained a $1,331,365.06 judgment against Medico in an action captioned McKesson Medical-Surgical Minnesota, Inc.v. Medico Medical Equipment and Supplies, Inc., dba as Medico, Inc.,
Cuyahoga County Common Pleas Case No. CV-02-471830. The complaint for foreclosure also named as defendants the Ohio Adjutant General, the Ohio Attorney General, Cuyahoga County Treasurer Jim Rokakis, Cuyahoga County Prosecutor William D. Mason, and, significantly for purposes of this appeal, First National Bank of Chicago ("FNBC").
 {¶ 3} A preliminary judicial report prepared by Stewart Title Guaranty Company in January 2004, was attached to McKesson's complaint. Schedule B of the report listed the encumbrances to the property, including:
 {¶ 4} "Open-End Mortgage, Assignment of Leases and Rents and Profits, Security Agreement and Fixture Filing from Medico Medical Equipment and Supplies, Inc., an Ohio Corporation, to The First National Bank of Chicago, filed February 1, 1999 in File No. 199902011187 of Cuyahoga County Records, covering caption, in the amount of $140,000,000.00."
 {¶ 5} On March 23, 2004, after FNBC failed to answer the complaint, McKesson moved for default judgment. On April 1, 2004, the trial court entered an order setting McKesson's motion for default for hearing on April 24, 2004.
 {¶ 6} The next day, however, non-party JP Morgan filed a motion for leave to file an answer instanter, asserting that it was the successor-in-interest to FNBC, had not been served with a copy of the complaint, and had only received notice of the action on March 31, 2004. McKesson concedes that, as a practical matter, JP Morgan was requesting leave to intervene in the action.
 {¶ 7} The trial court denied the motion, stating:
 {¶ 8} "Motion of JP Morgan Chase Bank for leave to file an answer is denied as no showing has been made that JP Morgan is the record owner of any interest in the subject parcel. JP Morgan is not a party to this proceeding. To the extent that the motion could be interpreted as [a] motion to intervene, it is denied for the same reason."
 {¶ 9} JP Morgan argues on appeal that the trial court erred in denying its motion for leave to intervene.
 {¶ 10} As a preliminary matter, we note that the denial of a motion for leave to plead is not a final order capable of immediate review.Mabrey v. Victory Basement Waterproofing, Inc. (1993), 92 Ohio App.3d 8,13. A ruling denying a motion to intervene, however, is a final appealable order. Fairview Gen. Hosp. v. Fletcher (1990),69 Ohio App.3d 827, 830. Accordingly, we review only that aspect of the trial court's order construing JP Morgan's motion as a motion to intervene.
 {¶ 11} Civ.R. 24 governs intervention and provides, in relevant part:
 {¶ 12} "(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 13} The rule is to be liberally construed in favor of intervention. State ex rel. Smith v. Frost (1995), 74 Ohio St.3d 107, 108. This court will not reverse the denial of a motion to intervene unless the trial court's action constituted an abuse of discretion. Young v.Equitec Real Estate Investors Fund (1995), 100 Ohio App.3d 136, 138;Widder and Widder v. Kutnick (1996), 113 Ohio App.3d 616, 624. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;Castlebrook, Ltd. v. Dayton Properties, Ltd. (1992), 78 Ohio App.3d 340,346.
 {¶ 14} To intervene as a matter of right pursuant to Civ.R. 24(A)(2), the intervenor must (1) claim an interest relating to the property or transaction that is the subject of the action; (2) be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) demonstrate that his or her interest is not adequately represented by the existing parties; and (4) demonstrate that the motion to intervene is timely made. Fairview Gen. Hosp., supra; Southern Ohio Coal Co. v.Kidney (1995), 100 Ohio App.3d 661. The failure by a prospective intervenor to satisfy any one of the required elements justifies the denial of the right to intervene. Fairview Gen. Hosp., supra; Ribovichv. Miele Bros. Ent., Inc. (Dec. 2, 1999), Cuyahoga App. Nos. 76137 
76182.
 {¶ 15} Here, the trial court denied JP Morgan's motion to intervene because "no showing [was] made that JP Morgan is the record holder of any interest in the subject parcel." We do not agree that JP Morgan could not "claim an interest" in the property at issue because its interest was not recorded.
 {¶ 16} In an affidavit attached to JP Morgan's motion for leave to plead, Richard C. Tarnas, an Authorized Officer of JP Morgan, averred that JP Morgan is the "successor in interest to FNBC." He detailed the history of FNBC's interest in the property, the merger of FNBC with Bank One, and the subsequent acquisition of that entity in mid-2003 by JP Morgan. He further stated that although the acquisition had "closed" on November 15, 2003, the conversion of the trust services business from Bank One to JP Morgan was not completed until March 8, 2004 and, in the intervening period, routing of trust-related documents had been disrupted. Accordingly, he averred, if FNBC had been served with a summons and copy of the complaint in this matter, JP Morgan had not been made aware of FNBC's acceptance of service.
 {¶ 17} In light of this testimonial evidence, JP Morgan met the requirements of Civ.R. 24(A). First, despite the fact that JP Morgan's interest did not appear of record, Tarnas' affidavit provided sufficient evidence to establish that JP Morgan "claimed an interest" in the open-end mortgage. The other three factors of the test for intervention pursuant to Civ.R. 24(A) were also established by JP Morgan. There is no question the motion was timely; JP Morgan sought to intervene within two months of the filing of the case, and two days after it first became aware the action was pending. Moreover, it is readily apparent that JP Morgan's alleged interest is not adequately represented by any other party to the proceeding, and that disposition of the action may prevent its ability to protect its interest in the property at issue. Accordingly, the trial court erred in denying JP Morgan's motion to intervene pursuant to Civ. R. 24(A).
 {¶ 18} Although we conclude that the trial court erred in denying JP Morgan's motion to intervene, we make no comment regarding the ultimate success of its claim. Thus, we do not address any arguments regarding the validity of JP Morgan's first-lien holder status. We simply hold that, in light of the testimonial evidence presented to the trial court, JP Morgan met the requirements for intervention as of right, and the trial court abused its discretion in finding that it could not intervene absent a recorded interest.
Reversed and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.