JOURNAL ENTRY and OPINION
{¶ 1} This is an appeal by State Farm Fire and Casualty Company from an order by the court denying its motion to intervene in a civil tort action filed by plaintiff Adrienne Filippi against defendant Azzam Ahmed, M.D. Ahmed is a doctor who has been previously convicted of criminal rape and gross sexual imposition charges relating to his gynecological treatment of a number of patients. State Farm insured Ahmed's practice, the Womens' Comprehensive Care Clinic, and agreed to represent the clinic under a reservation of rights. State Farm then asked the court for permission to intervene in the action. State Farm apparently wished to avoid a general verdict which might be so encompassing as to fall within the policy language. In other words, it wished for a specific verdict, most likely on tort grounds, which conduct by Ahmed would not be covered as simple negligence. To accomplish this, State Farm wanted to conduct "limited discovery" and submit jury interrogatories. The court denied the motion and State Farm appeals.
 I {¶ 2} There is a question of whether this court has an appealable order and should dismiss. This issue is currently pending before the Ohio Supreme Court in Gehm v. Timberline Post Frame, 108 Ohio St.3d 1434; 2006-Ohio-421, on the following certified question: "Whether the denial of a motion for leave to intervene on behalf of an insurer for purposes of participating in discovery and submitting jury interrogatories is a final appealable order pursuant to R.C. 2505.02."
 {¶ 3} While the denial of a motion to intervene has been held to be an appealable order, Fifth Third Bank, (Central Ohio) v.Banks, Franklin App. No. 04AP-860, 2005-Ohio-4972, the Ninth District has held that such an order must be accompanied by Civ.R. 54(B) certification to be final. See, e.g., Gehm v.Timberline Post Frame, Summit App. No. 22479, 2005-Ohio-5222. The court in this case did not include the "no just reason for delay" certification.
 {¶ 4} The problem with the Ninth District's analysis is that it makes what we consider to be a fundamental error in applying Civ.R. 54(B). That rule applies to "all the claims or the rights and liabilities of fewer than all the parties." By its very nature, a motion to intervene presupposes that the entity seeking to intervene is not a party. If it were a party, there would be no need to intervene. To further demonstrate the point, Civ.R. 10(A) requires a pleading must designate all of the parties to an action.
None of the pleadings in this case list State Farm as a party. Indeed, while it had an interest in the outcome of the case by virtue of its policy of insurance issued to the clinic, its obligation to provide a defense does not make it a "party" to the action. Therefore, Civ.R. 54(B) language would be highly inappropriate.
 {¶ 5} We therefore find, consistent with prior authority from this court, that the denial of a motion to intervene is a final order. See McKesson Medical-Surgical Minnesota, Inc. v. MedicoMed. Equip. Supplies, Inc., Cuyahoga App. No. 84912,2005-Ohio-2325, at ¶ 10. We also find that Civ.R. 54(B) certification is unnecessary.
 II {¶ 6} The substantive issue is whether the court abused its discretion by refusing to permit State Farm's intervention. State Farm claimed the right of intervention under Civ.R. 24(A)(2), which permits intervention when "the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 7} The court's decision to grant or deny intervention under Civ.R. 24(A) is reviewed for an abuse of discretion.Meyers v. Basobas (1998), 129 Ohio App.3d 692.
 {¶ 8} The basis for State Farm's intervention is abundantly clear — it sought to have the court submit a specific verdict form which, if Ahmed were to be found liable for his alleged misconduct, might find that he engaged in intentional conduct which would fall outside of insurance coverage. Intervention at this admittedly late stage of the proceedings would have caused no delay to the proceedings, nor would it have needlessly complicated the trial. Indeed, intervention would only streamline the resolution of questions of indemnity under the State Farm policy.
 {¶ 9} Of course, neither Filippi nor Ahmed wishes for a specific verdict. Ahmed's desire to avoid a specific verdict is obvious. For her part, Filippi would wish to avoid a specific verdict because, in the event that she were to prevail at trial and obtain a large damage award, it is conceivable that the award would exceed Ahmed's ability to pay. Without State Farm's coverage, she might not recover her full measure of damages.
 {¶ 10} But neither of these reasons is even marginally relevant to the substantive issue of intervention. Recently, inCrittenden Court Apt. Complex v. Jacobsen/Reliance, Cuyahoga App. Nos. 85395 and 84252, 2005-Ohio-1993, we found that the trial court abused its discretion by denying as untimely an insurer's motion to intervene:
 {¶ 11} "The final factor to be considered, the circumstances of the case, militate in favor of Westfield and Fidelity's limited intervention. The extent of Westfield and Fidelity's financial exposure, if any, would depend on the legal basis upon which Crittenden Court obtained a verdict against Jacobson/Reliance and Bowen and Associates. Further, only Westfield and Fidelity have an interest in identifying the basis for a verdict in Crittenden Court's favor, because that would determine the extent of their duty to indemnify. Moreover, even if Westfield and Fidelity filed a separate declaratory judgment action, that would be ineffective because the legal basis for a verdict in favor of Crittenden Court could be determined only by jury interrogatories submitted in this case, and only Westfield and Fidelity had the interest to obtain that determination.
 {¶ 12} "In fact, issues determined in one proceeding at times may be given preclusive effect in a later proceeding. See GrangeMut. Cas. Co. v. Uhrin (1990), 49 Ohio St.3d 162,550 N.E.2d 950; Howell v. Richardson (1989), 45 Ohio St.3d 365,544 N.E.2d 878. Permitting narrow intervention in the instant case, by contrast, was the only practical means to allow all legal claims to be decided efficiently and consistently in one proceeding.
 {¶ 13} "Under analogous circumstances, the court in Petermanv. Pataskala (1997), 122 Ohio App.3d 758, 702 N.E.2d 965, found intervention appropriate `due to the fact that appellants have no other method, available to them, to protect their interests. Such circumstances favor intervention.' Id. at 763. While intervention should not be allowed on mere demand, it is appropriate where it has been demonstrated that a particularized need to intervene as of right under Civ.R. 24(A) exists, that intervention would not cause any delay or disruption of the existing trial proceedings, that the intervening party's participation at trial would be limited, and that no apparent prejudice would result from granting such limited intervention. On balance, we find the circumstances justifying Westfield and Fidelity's limited intervention far outweigh any circumstance that could justify excluding them from these proceedings."
 {¶ 14} This analysis applies with equal force here. The court gave no reason for denying the motion to intervene. While the court usually has no obligation to set forth its reasons for deciding a motion, the substantial interest involved certainly required something more. Indeed, both of the parties to the action affirmatively wish to keep State Farm out of the litigation just so that State Farm will be unable to challenge any future claim for indemnity. This is such a transparent basis for denying intervention that we find it to be, in the absence of any other compelling factor, a reversible abuse of discretion.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
Costs assessed against plaintiff-appellee.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., Concurs.
 Kilbane, j., Dissents with separate opinion.
 DISSENTING OPINION Journal Entry