JOURNAL ENTRY AND OPINION
{¶ 1} Intervenor defendant-appellant, ProNational Insurance Company ("ProNational"), appeals the trial court's denial of its motion to intervene. Finding merit to the appeal, we reverse.
 {¶ 2} In 2002, plaintiff-appellee, Jane Doe ("Doe"), filed suit against defendant-appellee, Jesus Ramos, M.D., et al. ("Ramos"), alleging that she became addicted to narcotic pain medication as a result of his over-prescribing her medication.[1] ProNational provided medical liability coverage to Dr. Ramos during the time period at issue in Doe's complaint. ProNational agreed to represent Ramos under a reservation of rights. The parties engaged in extensive discovery and also attempted mediation.
 {¶ 3} During the first mediation, ProNational contends that Doe revealed that she would pursue a negligence theory at trial. ProNational claims that prior to the mediation, Doe was pursuing claims only involving intentional conduct. Therefore, ProNational argues, it was only after the mediation that the need arose to ensure that the jury make factual determinations on issues related to its coverage defenses.
 {¶ 4} To protect its interest, ProNational filed a declaratory judgment action in federal court seeking a determination that it was not obligated to provide a defense or indemnification to Ramos. The federal court granted the motion to dismiss filed by Ramos. ProNational Ins. Co. v. Ramos (N.D. Ohio 2005), Case No. 1:05 CV 1240. ProNational next filed a motion in state court seeking limited intervention. Doe and Ramos separately opposed the motion arguing that, pursuant to Civ.R. 24(A), the motion was untimely. The trial court agreed, denying the motion as untimely.
 {¶ 5} ProNational appeals, raising one assignment of error, in which the insurer argues that the trial court abused its discretion in denying the motion to intervene. For the following reasons, we agree and sustain the assignment of error.[2]
 {¶ 6} Civ.R. 24(A) provides for intervention as a matter of right and states, in pertinent part:
"Upon timely application anyone shall be permitted to intervene in an action: * * *
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 7} To intervene as a matter of right, the application must be timely and the movant must demonstrate the following: (1) that the intervenor claims an interest relating to the property or transaction which is the subject of the action; (2) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede his or her ability to protect that interest; and (3) that the existing parties do not adequately represent his or her interest. Widder Widder v.Kutnick (1996), 113 Ohio App.3d 616, 681 N.E.2d 977, citingBlackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352,505 N.E.2d 1010.
 {¶ 8} In State ex rel. First New Shiloh Baptist Church v.Meagher, 82 Ohio St.3d 501, 503, 1998-Ohio-192, 696 N.E.2d 1058, the Ohio Supreme Court stated that, whether a Civ.R. 24 motion to intervene is timely, depends on the facts and circumstances of each case. The court further stated:
"The following factors are considered in determining timeliness: `(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' Triax Co. v.TRW, Inc. (C.A.6, 1984), 724 F.2d 1224, 1228." Id.
 {¶ 9} This court has noted that "while intervention should not be allowed on mere demand, it is appropriate where it has been demonstrated that a particularized need to intervene as of right exists under Civ.R. 24(A), that intervention would not cause any delay or disruption of the existing trial proceedings, that the intervening party's participation at trial would be limited, and that no apparent prejudice would result from granting such limited intervention." Crittenden Court Apt.Assoc. v. Jacobson/Reliance, Cuyahoga App. No. 85395 and 85452,2005-Ohio-1993, quoting Peterman v. Pataskala (1997),122 Ohio App.3d 758, 702 N.E.2d 965.
 {¶ 10} In reviewing the denial of ProNational's motion to intervene, we do not review the trial court's decision anew, rather we determine whether the trial court abused its discretion. Widder, supra at 624, citing Fairview Gen. Hosp.v. Fletcher (1990), 69 Ohio App.3d 827, 591 N.E.2d 1312. An abuse of discretion implies that the court's decision was unreasonable or arbitrary. Id., citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} ProNational argues that the trial court abused its discretion in denying the insurer's motion to intervene because (1) ProNational had a clear legal right to intervene in the action to protect its interests and ensure that proper factual determinations relevant to coverage were made by the jury; (2) ProNational's request for limited intervention five months before trial was made as soon as the insurer discovered that its interests were not adequately protected; (3) intervention would not disrupt the trial proceedings; (4) intervention would not result in prejudice to any of the existing parties; and (5) intervention was required by Ohio law.
 {¶ 12} Doe and Ramos do not contest ProNational's motion to intervene on the grounds that the insurer does not have an interest relating to the subject of the action, that the disposition of the action in ProNational's absence would not impair the ability to protect the insurer's interests, or that ProNational's interests are adequately protected or represented by existing parties. Rather, Doe and Ramos object to the motion to intervene based on its untimely filing and the prejudice the intervention would cause them.
 {¶ 13} In considering the factors cited in New Shiloh,
supra, we note that ProNational filed its motion five months prior to trial. Although ProNational's delay in filing its motion to intervene does not weigh in its favor, we find that a liberal construction of Civ.R. 24 allows for intervention in this case.[3] See Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, 354, 505 N.E.2d 1010 (holding that a motion to intervene as of right, even when arising shortly before trial, should be given consideration consistent with a liberal construction of Civ.R. 24(A)).
 {¶ 14} As we stated in Crittenden Court, supra, motions to intervene as of right filed even shortly before trial must still be fairly considered in light of the contentions that the disposition of the action without the movant's participation would impair or impede the ability to protect its interests, and that no other party adequately represented the movant's interests. Unlike the situation in Crittenden Court, where the insurers sought intervention when the trial was just weeks away, the trial in the instant case was five months away. Although the matter had been pending for three years prior to ProNational's motion to intervene, the parties still had ample time to prepare for trial.
 {¶ 15} In reviewing the second factor, we note that ProNational's motion to intervene sought intervention for the limited purpose of submitting jury interrogatories. Although Doe and Ramos argue that ProNational may attempt to expand its intervention and delay the trial, the trial court may impose restrictions such as limiting the number of interrogatories, so it permits ProNational to protect its interests without delaying the proceedings. See Crittenden Court Apt. Assoc., supra at ¶ 20.
 {¶ 16} Concerning the third factor, Doe and Ramos claim that ProNational knew or should have known of its interest when the complaint was filed. We agree with that contention; however, even if the insurer knew or should have known of its interest, courts must still give liberal consideration to requests to intervene as of right. Id. at ¶ 22.
 {¶ 17} Regarding the prejudice the existing parties may face, we find that the parties could have proceeded to trial as scheduled. Although the parties may have had to adjust their trial strategy, they had five months remaining to prepare for trial. We cannot say that any possible prejudice outweighs ProNational's right to intervene. The trial court may limit ProNational's intervention and condition it upon no further continuances.
 {¶ 18} Finally, we find that the circumstances of the case militate in favor of ProNational's limited intervention. Similar to the circumstances in Crittenden Court, supra, the extent of ProNational's financial exposure would depend on the legal basis upon which Doe obtained a verdict against Ramos. Furthermore, only ProNational has an interest in identifying the basis for a verdict, whether based on intentional or negligent conduct, because that would determine the extent of its duty to indemnify.
 {¶ 19} Although we do not agree with ProNational's claim that, if intervention is denied, it will be collaterally estopped from pursuing further action, we note that any subsequent action would be ineffective because the legal basis for a verdict in favor of Doe could be determined only by submitting interrogatories to the jury in the instant case. Moreover, we find that it is in the interest of judicial economy to have all interested parties joined in one lawsuit.
 {¶ 20} Therefore, we find that the trial court abused its discretion in denying ProNational's motion to intervene and sustain the sole assignment of error.
 {¶ 21} Accordingly, judgment is reversed and the case remanded.
It is ordered that appellees bear the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J. concurs; Kilbane, J. dissents (see separate opinion).
[1] Ramos pled guilty to felony drug trafficking in 2002 and lost his license to practice medicine.
[2] The issue of whether a denial of a motion to intervene is a final appealable order is currently pending before the Ohio Supreme Court in Gehm v. Timberline Post Frame,108 Ohio St.3d 1434, 2006-Ohio-421, 842 N.E.2d 61, on the following certified question: "Whether the denial of a motion for leave to intervene on behalf of an insurer for purposes of participating in discovery and submitting jury interrogatories is a final appealable order pursuant to R.C. 2505.02." This court has consistently held that the denial of a motion to intervene is a final appealable order. See Filippi v. Ahmed, Cuyahoga App. No. 86927, 2006-Ohio-4368; McKesson Medical-Surgical Minnesota, Inc.v. Medico Med. Equip. Supplies, Inc., Cuyahoga App. No. 84912,2005-Ohio-2325.
[3] We also find dubious ProNational's claim that it was unaware that Doe was pursuing negligence claims, because paragraphs 15 and 16 of the complaint expressly state that Doe was injured as the result of Ramos' negligence.