{¶ 1} On August 21, 2006, relator, Provolone Pizza, LLC ("Provolone"), commenced this mandamus action against respondent Judge Kenneth R. Callahan, ("the judge") requesting that this court order the judge to vacate the preliminary injunction. Thereafter, the judge filed an answer and a motion for summary judgment. On November 6, 2006, Provolone filed its motion for summary judgment and a brief in opposition to the judge's motion for summary judgment. For the following reasons, we grant the judge's motion for summary judgment and deny Provolone's motion for summary judgment.
 {¶ 2} Initially, we find that Provolone failed to support its complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} Despite the aforesaid procedural defect, a substantive review of Provolone's complaint fails to establish that it is entitled to a writ of mandamus. The subject preliminary injunction arises from the lower court case styled Dale Mears, et al. v. Zeppe's Franchise Development,LLC, et al., Cuyahoga County Common Pleas Court, Case No. CV-06-583721. According to Provolone's complaint, the parties to the underlying action are Dale Mears, Lori Mears, Pizza for You, Inc., Zeppe's Franchise Development LLC, J.T.C. Management, Inc., Zeppe's Franchise Co., Joseph T. Ciresi, and William Salerno. Provolone was never a party to the above-styled matter.
 {¶ 4} Nevertheless, on or about May 11, 2006, the judge entered an order that enjoined Provolone, "from operating or being in the operation of a business in the State of Ohio that is similar to or competes with Zeppe's Pizzerias for an indefinite period of no less than one year. This order includes, but is not limited to, a prohibition on the operation of a Provolone's Pizzeria or any similar restaurant within the State of Ohio for five years from the termination of the franchise agreement." The injunction became effective on August 14, 2006, after bond was posted. Provolone argues that since it was never a party to the underlying action, the judge did not have jurisdiction to impose this injunction. Accordingly, Provolone claims it possesses a clear legal right to have the injunction vacated and that the judge is under a clear legal duty to do so.
 {¶ 5} The requisites for mandamus are well established. Before this court will grant the writ, Provolone must demonstrate that it has a clear legal right to the requested relief; that the judge has a clear legal duty to perform the requested relief; and there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
 {¶ 6} Furthermore, if the relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.State ex rel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108, and State ex rel. Boardwalk Shopping Ctr., Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v.Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 7} In this matter, we find that Provolone has not met its burden of persuasion that it is entitled to a writ of mandamus. Provolone has not provided any legal authority indicating that it has a clear legal right to have the injunction vacated. Provolone has also failed to demonstrate that the judge has a clear legal duty to vacate the injunction. Moreover, we also find that Provolone has an adequate remedy at law by filing a motion to intervene in the lower court case. If the lower court denies relator's motion, an appeal of the order denying the motion to intervene constitutes an adequate remedy at law. State ex rel. Denton v.Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99; State exrel. Gaydosh v. Twinsburg, 93 Ohio St.3d 576, 2001-Ohio-1613,757 N.E.2d 357. Additionally, despite Provolone's contention that it could not immediately appeal such denial, this court has consistently found that an appeal of a denial of a motion to intervene is a final appealable order. Doe v. Ramos, Cuyahoga App. No. 87367, 2006-Ohio-5435.
 {¶ 8} Accordingly, we grant the judge's motion for summary judgment and deny Provolone's motion for summary judgment. Provolone to bear costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR.