[Cite as *In re J.T.F.*, 2012-Ohio-2105.]

# IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.T.F. | : | C.A. CASE NO. 12-CA-03 |
| | : | T.C. CASE NO. 10041AD-10-132 |
| | : | (Civil Appeal from Common Pleas Court) |

. . . . . . . . .

# O P I N I O N

### Rendered on the 11th day of May, 2012.

. . . . . . . . .

**Robert K. Hendrix, Atty. Reg. No. 0037351, 87 S. Progress Drive, Xenia, OH 45385**
**Attorney for Appellant**

**Adrienne D. Brooks, Atty. Reg. No. 0078152, 36 N. Detroit Street, Suite 102, Xenia, OH 45385**
**Attorney for Appellees Robert and Amy F.**
**and**

**Richard Hempfling, Atty. Reg. No. 0029986, 15 S. Fourth Street, Suite 100, Dayton, OH 45402**
**Attorney for Appellee Courtney Litteral**

. . . . . . . . .

**PER CURIAM:**

## I.  Introduction

{¶ 1}  This appeal is from a final order of the probate court denying a Civ.R. 24 motion for intervention in a proceeding on a petition to adopt a minor child.  The movant was

previously awarded legal custody of the child by the juvenile court pursuant to R.C. 2151.353(A)(3), following an adjudication of the child as dependent. The movant argued that her status as the child's legal custodian confers on her a right of consent to the child's proposed adoption pursuant to R.C. 3107.06(D) as a "person having permanent custody of the minor . . .", and that she therefore has an interest relating to the adoption proceeding for purposes of Civ.R. 24. The probate court held that the rights conferred on the movant by R.C. 2151.353(A)(3) do not encompass the right of permanent custody contemplated by R.C. 3107.06(D), and that the movant therefore failed to demonstrate an interest relating to the adoption necessary for the requested intervention.

{¶ 2} On review, we agree with the probate court. Legal custody awarded pursuant to R.C. 2151.353(A)(3) does not cut off all rights of the parents. "Permanent custody" as defined by R.C. 2151.011(B)(32) involves divestiture of all parental rights, duties, or obligations, and vests those rights in a public children's services agency or a private child placing agency. Legal custody is subject to the continuing jurisdiction of the juvenile court, R.C. 2151.353(E)(1), and may be terminated by that court. R.C. 2151.417(C). Applying that standard to the definition of "persons" whose consent to adoption is required by R.C. 3107.06(D), the movant is not a permanent custodian whose consent to the child's adoption is required. Therefore, the probate court did not abuse its discretion when it denied the Appellant's motion for intervention, and on that finding we will affirm.

A. Statement of Facts

{¶ 3} On May 30, 2010, Courtney Litteral, an inmate of the Ohio Reformatory For Women at Marysville, gave birth to a child. Litteral initially participated in a plan that

allowed her to keep her child with her at Marysville. However, Litteral subsequently failed to complete her participation in the plan.

{¶ 4} Because Litteral is a resident of Greene County, the Greene County Children's Services Board filed a complaint in juvenile court of Greene County alleging that Litteral's child is dependent and asking for temporary custody of the child. The juvenile court found the child to be dependent. Pursuant to R.C. 2151.353(A)(2), the court committed the child to the temporary custody of the Children's Services Board and approved the child's placement in the home of Chantil Caskey.

{¶ 5} Chantil Caskey subsequently moved to be awarded legal custody of the child pursuant to R.C. 2151.353(A)(3), which is an available alternative for children found to be dependent. Litteral opposed Caskey's request, preferring the child's placement with and/or adoption by Robert and Amy F. Following evidentiary hearings, the juvenile court found that it is in the best interest of the child to award legal custody of the child to Caskey, instead of to Robert and Amy F., pursuant to R.C. 2151.353(A)(3), and on April 6, 2011, the juvenile court so ordered.

### B. Procedural History

{¶ 6} On December 27, 2010, Courtney Litteral filed a petition in the probate court to place her child with Robert and Amy F. for purposes of adoption. The matter was set for hearing on May 24, 2011, and notice of the hearing was served on Chantil Caskey. On May 23, 2011, Caskey moved to dismiss the petition that Litteral filed, arguing that the relief it requested is barred by res judicata because the juvenile court previously determined that it was in the best interest of the child to be placed with Caskey instead of Robert and Amy F.

{¶ 7} On May 24, 2011, following a hearing, the probate court approved Courtney

Litteral's application to place the child with Robert and Amy F. for purposes of adoption. The court also overruled Caskey's motion to dismiss, but further ordered: "However, legal custody [of the child] shall remain with Chantel [sic] Caskey pursuant to the judgment of the Greene County Juvenile Court dated April 6, 2011, pending further order of this court."

{¶ 8} The following day, May 25, 2011, Robert and Amy F. filed their petition to adopt Courtney Litteral's child, J.T.F. Both of J.T.F.'s parents filed their consents to the adoption. The petition was set for hearing on September 1, 2011, and notice of the hearing was served on Chantil Caskey.

{¶ 9} On August 12, 2011, Caskey filed a Motion To Be Added As Party to the adoption proceeding. Caskey argued that she is entitled to participate, having been awarded legal custody of J.T.F. by the juvenile court. Caskey also renewed her res judicata argument, and further contended that she has a right to object to the proposed adoption pursuant to R.C. 3107.06. Courtney Litteral and Robert and Amy F. opposed Caskey's motion.

{¶ 10} Caskey commenced an original action in this court on September 1, 2011, on a complaint for writs of prohibition and mandamus. Caskey sought orders prohibiting the judge of the probate court from proceeding on Robert and Amy F.'s petition to adopt J.T.F., and to require the judge to permit Caskey to intervene as a party in the adoption proceeding. Caskey asserted her alleged statutory right to deny her consent to the adoption, arguing that the probate court lacked jurisdiction to proceed absent her consent. We dismissed Caskey's petitions on a finding that Caskey had an adequate remedy in law by way of an appeal. *State of Ohio, ex rel. Caskey v. Gano*, 2d Dist. Greene No. 11CA51, 2011-Ohio-6144, ¶ 10.

{¶ 11} Prior to our decision, on September 12, 2011, the probate court, construing Caskey's motion to be a motion for intervention governed by Civ.R. 24, denied Caskey's

motion. The court reasoned that while Caskey was the "legal custodian" of J.T.F. and entitled to notice of the adoption proceeding pursuant to R.C. 3107.11, Caskey was not a "permanent custodian" of J.T.F. whose consent to the adoption is required by R.C. 3107.06(D). The court found that Caskey therefore lacks a legal interest in the adoption proceeding necessary to intervene under either Civ.R. 24(A) or (B).

{¶ 12} Caskey moved to vacate the probate court's judgment dismissing her motion to intervene, pursuant to Civ.R. 60(B). The probate court denied Caskey's motion on December 21, 2011.

{¶ 13} On January 4, 2012, the probate court awarded Robert and Amy F. the right to physical placement and care of J.T.F., pending a determination of their petition to adopt J.T.F. That order necessarily terminated Caskey's physical custody of J.T.F. pursuant to the prior order of the juvenile court.

{¶ 14} As we stated above, the notice of appeal that Chantil Caskey filed on January 4, 2012, is from four judgments of the probate court. Those are:

The judgment of May 24, 2011, approving J.T.F.'s placement with Robert and Amy F. for purposes of adoption, but retaining "legal custody" of J.T.F. in Caskey pursuant to the prior of the juvenile court;

The judgment of September 12, 2011, denying Caskey's motion to intervene in the adoption proceeding;

The order of December 21, 2011, denying Caskey's Civ.R. 60(B) motion to vacate the September 12, 2011 judgment; and,

The judgment of January 4, 2012, ordering the physical placement of J.T.F. with Robert and Amy F.

**{¶ 15}** We stayed execution of the probate court's order of January 4, 2012, transferring physical custody of J.T.F. to Robert and Amy F., pending determination of this appeal.

**{¶ 16}** Robert and Amy F. moved to dismiss the appeal that Caskey filed, arguing that the four judgments of the probate court designated in Caskey's notice of appeal are not final orders, that Caskey has no standing to appeal, and that Caskey failed to file a timely notice of appeal from all but the judgment of January 4, 2012. We overruled the motion with respect to the probate court's judgment of September 12, 2011, denying Caskey's motion for intervention. *In re J.T.F.*, 2d Dist. Greene No. 12-CA-3 (Feb. 14, 2012). This case is now before us for review of the errors Caskey assigns with respect to that final judgment.

## II. Legal Analysis

**{¶ 17}** Third Assignment of Error:

**{¶ 18}** "THE TRIAL COURT ERRED BY DENYING APPELLANT STATUS AS A PARTY BELOW, AND DETERMINING THAT APPELLANT'S CONSENT WAS NOT REQUIRED."

**{¶ 19}** Civ.R. 24 provides for intervention in an action by a non-party and states:

(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:

(1) when a statute of this state confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the

applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 20} The Supreme Court has referred to the liberal construction generally accorded Civ.R. 24 in favor of intervention. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 534, 696 N.E.2d 1079 (1998). One objective a liberal construction serves is judicial economy, by avoiding a multiplicity of actions. *See Creter v. Council of City of Westlake*, 8th Dist. Cuyahoga No. 49848, 1985 WL 8577, *2 (Aug. 1, 1985).

{¶ 21} We review orders granting or denying a Civ.R. 24 motion on the abuse of discretion standard. *Wagner v. Miami County Board of Zoning Appeals*, 2d Dist. Miami No. 2003-CA-19, 2003-Ohio-4210, ¶ 8. Commentators suggest that the discretion afforded the trial court under the intervention as of right provisions of Civ.R. 24(A), which provides that the court "shall" permit intervention, is a more limited form of discretion than the discretion

afforded by Civ.R. 24(B) for permissive intervention.

{¶ 22} A Civ.R. 24(A) applicant must claim an interest in the subject matter of the lawsuit. *Blackburn v. Hamoudi*, 29 Ohio App.3d 350, 505 N.E.2d 1010 (10th Dist. 1986). Implicit in that requirement is that the interest claimed is one which is "direct, substantial and legally protectable." *Fairview General Hospital v. Fletcher*, 69 Ohio App.3d 827, 833, 591 N.E.2d 1312 (10th Dist. 1990).

{¶ 23} Chantil Caskey claims an interest in the transaction involved in proceedings on the petition Robert and Amy F. filed to adopt J.T.F. by reason of the award of legal custody of J.T.F. that the juvenile court ordered in Caskey's favor pursuant to R.C. 2151.353(A)(3). That award is a form of relief alternative to the award of temporary custody to a public children's services agency that R.C. 2151.353(A)(2) authorizes a juvenile court to order when a child is adjudicated abused, neglected, or dependant. R.C. 2151.353(A)(3) authorizes the court to:

Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:

(a) That it is the intent of the person to become the legal custodian of the child and the person is able to assume legal responsibility for the care and

supervision of the child;

(b) That the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority. Responsibility as custodian for the child shall continue beyond the age of majority if, at the time the child reaches the age of majority, the child is pursuing a diploma granted by the board of education or other governing authority, successful completion of the curriculum of any high school, successful completion of an individualized education program developed for the student by any high school, or an age and schooling certificate. Responsibility beyond the age of majority shall terminate when the child ceases to continuously pursue such an education, completes such an education, or is excused from such an education under standards adopted by the state board of education, whichever occurs first.

(c) That the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support;

(d) That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have.

**{¶ 24}** Caskey argues that her designation as J.T.F.'s legal custodian confers on her the statutory right to give or withhold consent to J.T.F.'s adoption by Robert and Amy F. pursuant to R.C. 3107.06(D). That section confers a right of consent on "[a]ny person or agency having permanent custody of the minor or authorized by court order to consent." Caskey argues that the legal custody of J.T.F. the juvenile court awarded her pursuant to R.C. 2151.353(A)(3) confers on her the right of consent that R.C. 3107.06(D) creates. We do not agree.

**{¶ 25}** R.C. 2151.353(A)(3)(b) requires a person who seeks to be awarded legal custody of an abused, neglected or dependent child to acknowledge "[t]hat the person understands that legal custody of the child is intended to be permanent in nature * * * ." R.C. 2151.353(A)(3)(c) also requires a person seeking legal custody also to acknowledge "[t]hat the parents of the child have parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." Those rights accord with the "residual parental rights and responsibilities" preserved by an award of legal custody defined in R.C. 2151.011(B)(21), which provides:

> "Legal custody" means a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, <u>all subject to any residual parental rights, privileges, and responsibilities</u>. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by any section of

the Revised Code or by the court. (Emphasis added.)

{¶ 26} In contrast to the definition of legal custody in R.C. 2151.011(B)(21), the definition of "permanent custody" in R.C. 2151.011(B)(32) states:

"Permanent custody" means a legal status that vests in a <u>public children services agency or a private child placing agency</u>, all parental rights, duties, and obligations, including the right to consent to adoption, and <u>divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights</u> and obligations.   (Emphasis added.)

{¶ 27} The legal custody of J.T.F. that Caskey was awarded pursuant to R.C. 2151.353(A)(2) was "permanent in nature" because it may continue until the child's eighteenth birthday.   However, the award was not permanent in its effect.

{¶ 28} A juvenile court that enters a dispositional order pursuant to R.C. 2151.353(A) retains continuing jurisdiction over the child until the child's eighteenth birthday.   R.C. 2151.353(E)(1).   The court must hold hearings at least annually "to determine the appropriateness of . . . the child's custody arrangement," R.C. 2151.417(A), "until the child is adopted, returned to the parents, or the court otherwise terminates the child's placement or custody arrangement."   R.C. 2151.417(C).

{¶ 29} The legal custody of J.T.F. that Caskey was awarded pursuant to R.C. 2151.353(A)(2) does not confer on her the status of a "person or agency having permanent custody of the minor" authorized by R.C. 3107.06(D) to consent to J.T.F.'s adoption, for two reasons.

{¶ 30} First, Caskey's custody of J.T.F. may be terminated by the juvenile court pursuant to R.C. 2151.417(C) at any time before J.T.F. is eighteen.   Caskey's custody of

J.T.F. is therefore not permanent because it is subject to termination by the court.

{¶ 31} Second, the definition of "permanent custody" in R.C. 2151.011(B)(32) is therein defined to mean "a legal status that vests in a public children's services agency or private child placing agency all parental rights, duties, and obligations." Caskey cannot have the status of J.T.F.'s permanent custodian because R.C. 2151.353(A)(3)(c) expressly preserves certain residual rights in the child's parents when legal custody is awarded to another.

{¶ 32} R.C. 3107.06(D) contains an anomaly in that it confers a right of consent not only on an agency but also on "a person . . . having permanent custody of the minor," and R.C. 2151.011(B)(32) limits the definition of permanent custody to agencies. To the extent that the two sections conflict, the special provision prevails as an exception to the general provision. R.C. 1.51. Therefore, use of the word "person" in R.C. 3107.06(D) cannot apply to create the status of "permanent custody" or custodian for any entity other than an agency.

{¶ 33} Caskey argues that, nevertheless, R.C. 3107.07(H) implies that a person who is awarded legal custody of a child enjoys a right of consent to the child's adoption. R.C. 3107.07(H) provides that consent to adoption is not required of

> [a]ny legal guardian or lawful custodian of the person to be adopted, other than a parent, who has failed to respond in writing to a request for consent, for a period of thirty days, or who, after examination of the written reasons for withholding consent, is found by the court to be withholding consent unreasonably.

{¶ 34} R.C. 3107.07(H) does not confer a power of consent on a lawful custodian. Rather, it creates an exception to the right of consent that R.C. 3107.06(D) otherwise confers. Because that right is limited to permanent custodians, the reference in R.C. 3107.07(H) to a

"lawful custodian" is necessarily limited to custodians who are lawfully awarded permanent custody, and does not extend to persons awarded legal custody of the child pursuant to R.C. 2151.353(A)(3).

{¶ 35} At this point, J.T.F. has been with Chantil Caskey for several years. The juvenile court awarded legal custody of J.T.F. to Caskey on a finding that the two had bonded. No one could say that Caskey lacks a direct and substantial interest in the matter of J.T.F.'s adoption of Robert and Amy F., which will sever her relationship with J.T.F. Nevertheless, Caskey lacks a legally protectable interest in J.T.F.'s adoption by Robert and Amy F. *Fairview General Hospital*. Therefore, the probate court did not abuse its discretion when it denied Caskey's motion to intervene pursuant to Civ.R. 24(A).

{¶ 36} Civ.R. 24(B) authorizes permissive intervention, and is a matter committed to the sound discretion of the trial court. *Young v. Equitec Real Estate Investors Fund*, 100 Ohio App.3d 136, 652 N.E.2d 234 (8th Dist. 1995). In exercising its discretion, the court is directed by Civ.R. 24(B) specifically to consider whether proposed permissive intervention "will unduly delay or prejudice the adjudication of the rights of the original parties."

{¶ 37} Nonstatutory permissive intervention requires that an applicant's claim or defense and the main action have a question of law or fact in common. Civ.R. 24(B). Because Caskey's status as J.T.F.'s legal custodian confers on her no right to consent to J.T.F.'s adoption by Robert and Amy F., and none of the other classifications for required consent in R.C. 3107.06 apply, Caskey has no claim or defense to present in the adoption proceeding. The probate court could reasonably find that Caskey's participation would therefore unduly delay the adjudication of the petition for adoption Robert and Amy F. filed. The probate court did not abuse its discretion in denying Caskey's motion to intervene

pursuant to Civ.R. 24(B).

{¶ 38} The third assignment of error is overruled.

{¶ 39} First Assignment of Error:

{¶ 40} "THE TRIAL COURT ERRED BY DENYING THE MOTION TO DISMISS ON THE GROUNDS OF COLLATERAL ESTOPPEL WHERE THE ISSUE OF THE PLACEMENT OF THE CHILD IN THE CHILD'S BEST INTEREST HAD ALREADY BEEN DETERMINED BY A COURT OF COMPETENT JURISDICTION."

{¶ 41} Second Assignment of Error:

{¶ 42} "THE TRIAL COURT ERRED BY FAILING TO DISMISS THE APPLICATION FOR PLACEMENT BELOW DUE TO VIOLATIONS OF R.C. 2107.011 AND 3107.055."

{¶ 43} Our determination of Caskey's third assignment of error, because it preserves her status as a non-party in the action, deprives her of standing to prosecute an appeal as a "party" to the action pursuant to App.R. 3(D) and 4 from the orders or judgments in which the error in Caskey's first and second assignments may have occurred. In that respect, the first and second assignments of error are moot, and for that reason need not be decided. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 44} The appeals from the probate court's interlocutory orders of May 24 and December 21, 2011, and January 4, 2012, will be dismissed. The probate court's final judgment of September 12, 2011, denying Appellant Chantil Caskey's motion for intervention, will be affirmed.

GRADY, P.J., DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Robert K. Hendrix, Esq.
Adrienne D. Brooks, Esq.
Richard Hempfling, Esq.
Hon. G. Allen Gano