[Cite as *In re Adoption of M.S.A.*, 2017-Ohio-5771.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

IN RE:

THE ADOPTION OF:

M.S.A.

CASE NO. 10-17-01

O P I N I O N

Appeal from Mercer County Common Pleas Court
Probate Division
Trial Court No. 2016 5005

**Judgment Affirmed**

Date of Decision: July 10, 2017

APPEARANCES:

*Eric J. Allen* **for Appellant**

*Susan Garner Eisenman* **for Appellee**

Case No. 10-17-01

**PRESTON, P.J.**

{¶1} Intervenor-Appellant, Patricia Framak ("Framak"), appeals the December 23, 2016 decision of the Mercer County Court of Common Pleas, Probate Division ("Probate Court"), denying her motion to intervene in the adoption proceeding of M.S.A. For the reasons that follow, we affirm.

{¶2} This case stems from a petition to adopt M.S.A. filed by petitioners-appellees, Brian and Kelly Anderson (the "Andersons"), on March 14, 2016 in the Probate Court.[1] (Doc. No. 1). The facts of this case are intertwined with an abuse and dependency case involving M.S.A. in the Allen County Court of Common Pleas, Juvenile Division ("Juvenile Court").

{¶3} M.S.A., who tested positive for cocaine when she was born in 2014, was placed in the foster care of the Andersons after she was removed from the care of her mother by the Allen County Children Services Board ("Board") on August 7, 2014.[2] (*See* Doc. Nos. 51, 72). After a shelter-care hearing on August 8, 2014, the Juvenile Court on August 11, 2014 placed M.S.A. in the shelter care of the Board. (Doc. No. 51). On August 11, 2014, the Board filed a complaint alleging that M.S.A. was a dependent and abused child. (*See* Doc. Nos. 53, 54, 58). After a hearing on September 15, 2014, the Juvenile Court issued an entry on October 8,

---

[1] The original March 31, 2016 date stamp on the petition was corrected by the Probate Court to reflect an accurate filing date of March 14, 2016. (*See* Doc. Nos. 1, 139, 145).

[2] M.S.A. does not have a putative father. (*See* Doc. Nos. 32, 34, 155).

-2-

2014 concluding that M.S.A. was a dependent and abused child. (Doc. Nos. 54, 58). On November 4, 2014, after a dispositional hearing on October 24, 2014, the trial court granted the Board temporary custody of M.S.A. (Doc. Nos. 53, 58).

{¶4} After a hearing on August 10, 2015, the Juvenile Court issued an entry on September 16, 2015 extending the Board's temporary custody of M.S.A. for six months. (Doc. No. 52).

{¶5} On November 13, 2015, the Andersons moved to intervene in the juvenile-court case and sought legal custody of M.S.A. (Doc. No. 79). That same day, M.S.A.'s mother filed a motion consenting to the intervention of the Andersons in the juvenile-court case and objecting "to any plan which would place [M.S.A.] in the care, control, and custody of [Framak]." (Doc. No. 76).

{¶6} On January 4, 2016, the Board filed a motion requesting that the Juvenile Court modify its November 4, 2014 order granting the Board temporary custody of M.S.A. by granting legal custody of M.S.A. to Framak. (Doc. No. 56). On or about March 16, 2016, the Board removed M.S.A. from the Andersons' home and placed her with Framak. (Doc. No. 90).

{¶7} On February 29, 2016, the Juvenile Court's magistrate denied the Andersons' motion to intervene as parties in the juvenile-court proceeding. (Doc. No. 79). The Andersons filed an objection to the magistrate's decision on March 14, 2016. (*Id.*). On March 28, 2016, the Board filed its response to the Andersons'

objection to the magistrate's decision. (*Id.*). On April 1, 2016, the Juvenile Court overruled the Andersons' objection to the magistrate's decision denying the Andersons' motion to intervene in the juvenile-court proceeding. (*Id.*). On April 8, 2016, the Andersons filed a renewed motion to intervene in the juvenile-court proceeding. (Doc. No. 81).

{¶8} Meanwhile, on March 14, 2016, the Andersons filed a petition in the Probate Court to adopt M.S.A. (Doc. No. 1). On March 28, 2016, M.S.A.'s mother filed an application for placement of M.S.A. with the Andersons for the purpose of adoption. (Doc. No. 2). The Probate Court approved the application for placement on March 31, 2016 and ordered the Board to release M.S.A. to the custody of the Andersons' attorney. (Doc. No. 36).

{¶9} In response to the Probate Court's order, the Juvenile Court on April 1, 2016 granted the Board's motion requesting that the trial court ex parte "issue an Order 'preventing the minor child from being removed from her current placement.'" (Doc. No. 58).

{¶10} On April 5, 2016, the Board filed a motion requesting that the Probate Court stay the execution of its order to release M.S.A. to the custody of the Andersons' attorney and stay "any further proceedings in this matter pending the outcome of [the juvenile-court case]." (Doc. No. 50).

{¶11} On April 7, 2016, the Andersons filed a motion requesting that the Probate Court appoint a Guardian Ad Litem ("GAL") to assist with the pending adoption petition. (Doc. No. 59).

{¶12} On April 8, 2016, the Andersons filed a motion requesting the Probate Court to find the Board in contempt of court for failing to release M.S.A. to the custody of the Andersons' attorney as ordered. (Doc. No. 61). On April 11, 2016, the trial court ordered the Board to show cause as to why it should not be found in contempt of court for failing to abide by the Probate Court's March 31, 2016 order. (Doc. No. 63).

{¶13} On April 11, 2016, the Andersons filed a motion to strike the Board's April 5, 2016 motion to stay. (Doc. No. 68). That same day, the Andersons filed an amended petition to adopt M.S.A. (Doc. No. 69). On April 12, 2016, the Andersons filed a memorandum in opposition to the Board's April 5, 2016 motion to stay. (Doc. No. 70).

{¶14} On April 14, 2016, the Board filed an objection to the Andersons' petition to adopt M.S.A. (Doc. No. 71). The next day, the Andersons filed a motion to strike the Board's objection to their petition to adopt M.S.A. (Doc. No. 82).

{¶15} On April 19, 2016, the Andersons filed a "Motion to Set Adoption for Immediate Final Hearing or in the Alternative for a Finding that Finalization is Not

Possible Absent Physical Custody; Motion to Immediately Commence Visitation."
(Doc. No. 84).

{¶16} On April 27, 2016, the Probate Court: (1) concluded that the Board must abide by the Probate Court's March 31, 2016 order; (2) denied the Board's motion to stay the proceeding; (3) denied the Andersons' motion to strike the Board's objection to their petition to adopt M.S.A.; (4) denied the Andersons' motion requesting that the Probate Court appoint a GAL; (5) scheduled a hearing on the Andersons' motion for contempt; and (6) set the adoption petition for final hearing. (Doc. No. 90). On May 9, 2016, the Board filed a notice of appeal from the Probate Court's April 27, 2016 entry. (Doc. No. 97). The following day, the Board filed a motion to stay the contempt proceeding, which the trial court granted on May 12, 2016. (Doc. Nos. 102, 110). On May 13, 2016, the Probate Court scheduled the final-adoption hearing for June 2, 2016. (Doc. No. 111). On May 16, 2016, this court concluded that the Probate Court's April 27, 2016 judgment entry is not a final and appealable order and dismissed the Board's appeal. (Doc. No. 117).

{¶17} On May 31, 2016, the Board filed a motion to "stay the hearing on the Motion for Citation in Contempt scheduled in this matter on June 2, 2016 and any further hearings in this matter." (Doc. No. 124). That same day, the Andersons filed a memorandum in opposition to the Board's motion to stay. (Doc. No. 125).

**{¶18}** Prior to that, on May 10, 2016, the Board filed a complaint for a writ of prohibition in the Supreme Court of Ohio against the Probate Court and Judges Mary Pat Zitter and James Rapp.[3] *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Common Pleas Court, Prob. Div.*, ___ Ohio St.3d ___, 2016-Ohio-7382, ¶ 14. The Supreme Court granted a peremptory writ of prohibition on June 1, 2016. *Id.* The Probate Court and Judges Zitter and Rapp sought reconsideration of the June 1, 2016 peremptory writ of prohibition. *Id.* at ¶ 16. The Supreme Court granted the motion for reconsideration, rescinded the peremptory writ of prohibition issued on June 1, 2016, and denied the requested writ. *Id.* at ¶ 41. In its opinion, the Supreme Court concluded that "the authority of the probate court to order preadoption placement pursuant to R.C. 5103.16(D) is therefore within its exclusive, original jurisdiction over adoption proceedings, notwithstanding the fact that the child is subject to the continuing jurisdiction of the juvenile court." *Id.* at ¶ 36. In reaching that conclusion, the Supreme Court reasoned

> Here, the Juvenile Court exercised exclusive jurisdiction over
> [M.S.A.] when it adjudicated her a dependent and abused child and
> when it issued a dispositional order awarding temporary custody of
> [M.S.A.] to the Board. Thereafter, the Juvenile Court retained

---

[3] "Judge Zitter is a common pleas judge in Mercer County. Judge Rapp is presiding over the case pursuant to assignment * * * by the chief justice [of the Supreme Court of Ohio], effective April 1, 2016." *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Common Pleas Court, Prob. Div.*, ___ Ohio St.3d ___, 2016-Ohio-7382, ¶ 2, fn.1.

continuing jurisdiction, which will terminate when [M.S.A.] reaches the age of 18 or 21 or when she is adopted * * *. The Juvenile Court's continuing jurisdiction does not, however, divest the Probate Court of its exclusive, original jurisdiction over adoption proceedings. And [M.S.A.'s] mother's residual parental right to consent to adoption and preadoption placement therefore supersedes the Board's right to decide [M.S.A.'s] residential placement as part of its temporary custody.

Accordingly, we recognize that the Probate Court has jurisdiction to consider the adoption of [M.S.A.]

*Id.* at ¶ 40-41.

**{¶19}** On October 21, 2016, the Andersons regained custody of M.S.A. (Doc. No. 143). On October 25, 2016, the Juvenile Court issued an order granting legal custody of M.S.A. to Framak. (Doc. No. 144).

**{¶20}** On October 28, 2016, the Andersons filed a "Motion to Amend Pleadings to Conform to the Testimony Presented at Placement Hearing," which the Probate Court granted on November 10, 2016, and corrected the March 31, 2016 date stamp on the Andersons' original adoption petition to reflect an accurate filing date of March 14, 2016. (Doc. Nos. 1, 139, 145).

{¶21} As a result of the Juvenile Court's October 25, 2016 order granting legal custody of M.S.A. to Framak and Framak's attempts to gain physical custody of M.S.A, the Probate Court issued on November 2, 2016 "an immediate order" clarifying the custody of M.S.A.[4] (Doc. No. 144). In that order, the Probate Court clarified that its order granting physical custody of M.S.A. to the Andersons superseded the Juvenile Court's order granting legal custody of M.S.A. to Framak. (*Id.*).

{¶22} On November 14, 2016, the Probate Court issued a notice of hearing on the petition for adoption for December 9, 2016. (Doc. No. 147). That same day, the Probate Court appointed a GAL "to investigate and make recommendations regarding the pending adoption." (Doc. No. 146).

{¶23} On November 29, 2016, Framak filed a motion to intervene in the adoption proceeding. (Doc. No. 157). That same day, she filed an objection to the Andersons' petition to adopt M.S.A. (Doc. No. 158). On November 30, 2016, the Andersons filed a memorandum in opposition to Framak's motion to intervene and objection to the Andersons' petition to adopt M.S.A. (Doc. No. 164).

{¶24} The GAL filed her report on December 5, 2016 recommending that the Probate Court grant the Andersons' petition to adopt M.S.A. (Doc. No. 170).

---

[4] The order is signed by Judge Zitter. (Doc. No. 144).

{¶25} After a hearing on December 9, 2016, the Probate Court on December 23, 2016 denied Framak's motion to intervene and dismissed Framak's objection to the Andersons' petition to adopt M.S.A. (Doc. No. 181). The Probate Court orally granted the Andersons' petition to adopt M.S.A. at the December 9, 2016 hearing and issued its final adoption decree on December 23, 2016. (Doc. Nos. 180, 185).

{¶26} On December 15, 2016, the Andersons filed a motion requesting that the Probate Court issue its findings of fact and conclusions of law, which the trial court granted on December 23, 2016, and issued its findings of fact and conclusions of law on January 23, 2017. (Doc. Nos. 180, 184, 200).

{¶27} On January 18, 2017, Framak filed her notice of appeal of the Probate Court's entry denying her motion to intervene and dismissing her objection to the Andersons' petition to adopt M.S.A. (Doc. No. 194). She raises four assignments of error for our review. Because it is dispositive, we will first address Framak's fourth assignment of error, followed by her first, second, and third assignments of error together.

**Assignment of Error No. IV**

**The Trial Court Abused its Discretion When it Denied Appellant's Motion to Intervene**

{¶28} In her fourth assignment of error, Framak argues that the Probate Court abused its discretion by denying her motion to intervene in the adoption proceeding. In particular, she argues that the trial court should have granted her

motion because she "stood in loco parentis" when "the juvenile court gave her [legal] custody [of M.S.A.] in March of 2016." (Appellant's Brief at 10).

{¶29} As an initial matter, although the Probate Court did not specifically mention Civ.R. 24 in its entry denying Framak's motion to intervene, and Framak did not mention the rule in her argument on appeal, Civ.R. 24 is the controlling authority because it governs intervention in Ohio civil cases. "'Under Civ.R. 24(A), a party has the right to intervene "when a statute of this state confers an unconditional right to intervene"'" or when an applicant has "an interest in the subject matter of the lawsuit." *In re Adoption of Hilliard*, 154 Ohio App.3d 54, 2003-Ohio-4471, ¶ 5 (3d Dist.), quoting *In re Adoption of Ridenour*, 61 Ohio St.3d 319, 328 (1991), quoting Civ.R. 24(A). *See also In re J.T.F.*, 2d Dist. Greene No. 12-CA-03, 2012-Ohio-2105, ¶ 22, citing *Blackburn v. Hamoudi*, 29 Ohio App.3d 350 (10th Dist.1986). If an applicant claims an interest in the subject matter of the lawsuit, that applicant must have an interest that is "'direct, substantial, and legally protectable.'" *In re J.T.F.* at ¶ 22, quoting *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 833 (10th Dist.1990). "'Under Civ.R. 24(B), the judge may permit a party to intervene "when a statute of this state confers a conditional right to intervene."'" *In re Adoption of Hilliard* at ¶ 5, quoting *In re Adoption of Ridenour* at 328-329. "Nonstatutory permissive intervention requires that an applicant's claim or defense and the main action have a question of law or fact in common." *In*

*re J.T.F.* at ¶ 37, citing Civ.R. 24(B). "In exercising its discretion, the court is directed by Civ.R. 24(B) specifically to consider whether proposed permissive intervention 'will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id.* at ¶ 36, quoting Civ.R. 24(B).

**{¶30}** "We review a trial court's decision on a motion to intervene for an abuse of discretion." *Crow v. Baldino*, 2d Dist. Clark No. 2016-CA-56, 2017-Ohio-2779, ¶ 8, citing *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41. *See also In re J.T.F.* at ¶ 21, citing *Wager v. Miami Cty. Bd. of Zoning Appeals*, 2d Dist. Miami No. 2003-CA-19, 2003-Ohio-4210, ¶ 8. "Although Civ.R. 24 should be construed liberally in favor of granting intervention, we cannot reverse unless the trial court's decision was unreasonable, arbitrary, or unconscionable." *Crow* at ¶ 8, citing *Merrill* at ¶ 41.

**{¶31}** Framak does not point to any specific provision granting her the right to intervene in the adoption proceeding. Instead, Framak claims an interest in the adoption of M.S.A. because she was awarded legal custody of M.S.A. by the Juvenile Court. As such, Framak argues that her designation as M.S.A.'s legal custodian confers a statutory right to give or withhold consent to her adoption by the Andersons.

**{¶32}** R.C. Chapter 3107 governs adoptions in Ohio. *In re Adoption of Ridenour*, 61 Ohio St.3d at 329. R.C. Chapter 3107 contains no provision granting

Framak a conditional or unconditional right to intervene in the adoption of M.S.A. *Id.* R.C. 3107.06 "requires the written consent of particular parties before an adoption petition may be granted." *Id.* Framak does not qualify as a person who must consent to the adoption of M.S.A. under R.C. 3107.06. *See In re J.T.F.* at ¶ 24. *See also In re Adoption of Ridenour* at 329. Indeed, the rights of a legal custodian are "'subject to any residual parental rights, privileges, and responsibilities.'" *In re J.T.F.* at ¶ 24, quoting R.C. 2151.011(B)(21). Further, Framak's status as M.S.A.'s maternal aunt does not confer a statutory basis as a person who must consent to the adoption of M.S.A. and, consequently, a basis to intervene in the adoption proceeding. *See In re Adoption of S.R.N.E.*, 4th Dist. Adams No. 09CA885, 2009-Ohio-6959, ¶ 11 (concluding that the intervenor-appellant's status as the child's "former great aunt" did not provide a statutory basis for her to intervene in the adoption proceeding). As such, Framak neither has an unconditional right to intervene conferred by statute nor an interest in the subject matter of the lawsuit that is direct, substantial, *and* legally protectable. *See In re J.T.F.* at ¶ 35. *See also In re Adoption of Ridenour* at 329-330; *In re Adoption of Hilliard*, 2003-Ohio-4471, at ¶ 6.

{¶33} Moreover, Framak does not have a claim or defense in the adoption proceeding which would allow the Probate Court to grant her permissive intervention under Civ.R. 24(B). *In re J.T.F.* at ¶ 37. As we discussed above,

because there is no provision under R.C. 3107.06 requiring Framak's consent to M.S.A.'s adoption by the Andersons, Framak does not have a claim or defense to present in the adoption proceeding. *Id.* Because Framak does not have a claim or defense to present in the adoption proceeding, the Probate Court could reasonably find that her participation in the adoption proceeding would unduly delay the adjudication of the petition for adoption filed by the Andersons. *Id.*

{¶34} For these reasons, the Probate Court did not abuse its discretion by denying Framak's motion to intervene.

{¶35} Framak's fourth assignment of error is overruled.

**Assignment of Error No. I**

**The Mercer County Probate Court Lacked the Legal Authority to Alter the File Stamp on the Petition to Adopt M.A.S [sic]**

**Assignment of Error No. II**

**Judge Zitter Lacked Authority to Enter an Order Following her Recusal**

**Assignment of Error No. III**

**The Mercer County Common Pleas Court, Probate Division Lacked Exclusive Jurisdiction**

{¶36} In her first, second, and third assignments of error, Framak attacks judgments of the Probate Court regarding the procedure it used in the adoption proceeding. Because Framak is not a party to the adoption proceeding, her standing is limited to challenging on appeal the Probate Court's denial of her motion to

-14-

intervene. *See In re Adoption of T.B.S.*, 4th Dist. Scioto No. 07CA3139, 2007-Ohio-3559, ¶ 7-8. "'Unless a person is a party in the lower court case, the individual has no standing to appeal.'" *Id.* at ¶ 7, quoting *In re Stanley*, 9th Dist. Summit Nos. 20128, 20131, and 20132, 2000 WL 1507917, *3 (Oct. 11, 2000), citing Whiteside, *Ohio Appellate Practice*, Section 1.27 at 30 (1996).

> "Ordinarily, in order to have the right to appeal, one must either have been a party to the case in the trial court or have attempted to intervene as a party. A person not a party to an action has no right of direct appeal from an adjudication. Moreover, the prospective appellant must be able to show that he or she has a present interest in the litigation and is prejudiced by the judgment appealed from."

*Id.*, quoting Painter and Dennis, *Ohio Appellate Practice*, Section 1:27 (2007). However, "[f]iling a motion to intervene does not give a party unlimited ability to challenge every aspect of the trial court proceedings." *Id.* at ¶ 8, citing *In re Stanley* at *3.

{¶37} As such, Framak lacks standing "to challenge the merits of the [Probate Court's] decision finalizing the adoption or the procedure it used." *Id.* at ¶ 8. Therefore, we lack the authority to consider Framak's arguments under her first, second, and third assignments of error. *Id.*

{¶38} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Probate Court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**